IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RICHARD FERRY,

        Plaintiff,

    v.

KEVIN DOOHAN, Washington County
Community Corrections (WCCC) Post
Prison Supervision Officer (PPO),
et al.,

        Defendants.

Case No. 3:18-cv-01891-HZ

ORDER

MOSMAN, Chief Judge.

*Pro se* Plaintiff brings this civil rights action challenging the actions of Defendants in connection with the administration of the terms of Plaintiff's post-prison supervision ("PPS"). Currently before the Court is Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 2). To the extent Plaintiff seeks a temporary restraining order, the Court DENIES Plaintiff's Motion.

1 - ORDER -

## BACKGROUND

Plaintiff is currently is currently released on PPS from a Washington County Circuit Court conviction and sentence on charges of Sexual Abuse in the First Degree and Sexual Abuse in the Third Degree. Prior to Plaintiff's release, the Oregon Board of Parole and Post-Prison Supervision (the "Board") issued an Order mandating the conditions of Plaintiff's supervised release which includes a standard set of supervision conditions referred to as "Sex Offender Package A," as required by Or. Rev. Stat. § 144.102(4)(b). Those mandatory supervision conditions include requirements that Plaintiff submit to polygraph examinations.

In his Motion for Temporary Restraining Order & Preliminary Injunction, Plaintiff alleges that Defendant Cassandra Peterson, his current supervision officer, has set a November 2, 2018, date for Plaintiff to take a polygraph examination.[1] Plaintiff alleges this requirement violates his Fifth Amendment right to be free from self-incrimination.

Plaintiff also alleges that Defendant Peterson has demanded that Plaintiff sign a release of information for records from a treatment program Plaintiff voluntarily enrolled in aside from any PPS requirements. He alleges this demand violates his right to privacy and is an invasion of confidential and privileged information, in violation of his rights under the First, Ninth, and Fourteenth Amendment rights.

Plaintiff also alleges that Defendant Peterson has commanded and directed that Plaintiff may only engage in religious activities at one specific church/religious denomination, in violation of his First and Fourteenth Amendment rights. Specifically, Plaintiff alleges he is a devout Catholic, but

---

[1] Plaintiff's Complaint and portions of his Motion refer to a November 1, 2018, polygraph examination, but in the contents of an email reproduced in Plaintiff's Motion it appears the examination was re-scheduled to November 2, 2018.

2 - ORDER -

that Defendants have prohibited him from attending Catholic mass and instead informed him that he can only attend religious services at the Sonrise non-denominational church.

Plaintiff seeks a temporary restraining order and preliminary injunction prohibiting Defendants from imposing the requirements described above, and from "retaliating against" Plaintiff. Plaintiff filed his Motion for Temporary Restraining Order & Preliminary Injunction the same day he filed the underlying Complaint in this action. Plaintiff has not filed proof of service of the Summonses and Complaint on the Defendants. Appended to Plaintiff's Motion is a certificate of service indicating he mailed a copy of the Motion to the office of the Washington County Counsel. No appearance of counsel has been filed on behalf of Defendants.

## **LEGAL STANDARDS**

The standards for a temporary restraining order ("TRO") and a preliminary injunction are essentially identical. *Stuhlbarg Intern. Sales Co., Inc. v. John D. Brushy and Co., Inc.*, 240 F.3d 832, 839 n. 7 (9th Cir. 2001). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008). A plaintiff may also qualify for a preliminary injunction by showing that there are serious questions going to the merits of his claim and that the balance of hardships tips sharply in his favor, so long as the other *Winter* factors are also met. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134–35 (9th Cir. 2011). Pursuant to Fed. R. Civ. P. 65(b)(1), the court may issue a temporary restraining order "without written notice or oral notice to the adverse party or its attorney only if . . . specific facts in

3 - ORDER -

an affidavit or verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition."

**DISCUSSION**

As noted, Plaintiff seeks a temporary restraining order enjoining Defendants from requiring Plaintiff to participate in a polygraph examination scheduled for November 2, 2018. Plaintiff contends that requiring him to do so violates his right to be free from self-incrimination under the Fifth Amendment.

Plaintiff currently has another civil action pending against many of the same Defendants named herein, which also challenges the legality of Plaintiff's supervised release conditions, *Ferry v. Doohan, et al.*, Case No. 3:18-cv-00153-AC. In that case, District Judge Marco A. Hernández issued an Opinion and Order (ECF No. 22) denying Plaintiff's motion to preliminarily enjoin Defendants from requiring Plaintiff to participate in a polygraph examination. Judge Hernandez found, *inter alia*, that Plaintiff was not likely to succeed on the merits of his claim, because the polygraph requirement did not violate Plaintiff's Fifth Amendment rights. *See United States v. Hulen*, 879 F.3d 1015, 1018 (9th Cir. 2018) (Fifth Amendment right against compelled self-incrimination applies only when a compelled statement is used against a defendant in a "criminal case," and it is well established that parole revocation is not part of a criminal prosecution, but instead is part of the "matrix of punishment" arising out of the original crime); *Chavez v. Martinez*, 538 U.S. 760 (2001) (plurality opinion) (in the absence of criminal prosecution, a plaintiff cannot obtain damages under § 1983 for the alleged violation of Fifth Amendment self-incrimination rights where no criminal charges are pursued against him). In a Findings and Recommendation (ECF No.

40), Magistrate Judge John V. Acosta agreed with Judge Hernández's analysis and recommended the Fifth Amendment claims in Plaintiff's Complaint in that action be dismissed.

This Court agrees with Judges Hernández and Acosta. The polygraph examination requirements of Plaintiff's PPS conditions do not violate Plaintiff's Fifth Amendment right against self-incrimination. Accordingly, the Court denies Plaintiff's request for a temporary restraining order prohibiting Defendants from requiring Plaintiff to undergo a polygraph examination.

The remainder of Plaintiff's requests are new to this case; they were not previously litigated. Plaintiff has not, however, clearly shown that immediate and irreparable injury, loss, or damage will result if relief is not granted before Defendants may be heard on these issues. Accordingly, the Court will not issue a temporary restraining order prohibiting Defendants from requiring Plaintiff to sign a release of information or requiring that he engage in religious services as directed without affording Defendants notice and an opportunity to be heard.

## CONCLUSION

For these reasons, the Court DENIES Plaintiff's Motion for Temporary Restraining Order (ECF No. 2), with a briefing schedule on Plaintiff's request for preliminary injunctive relief to be set by further Order of the Court.

IT IS SO ORDERED.

DATED this __30th__ day of October, 2018.

    /s/ Michael W. Mosman  
Michael W. Mosman  
United States Chief District Judge