IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RICHARD FERRY,

        Plaintiff,

    v.

KEVIN DOOHAN, et al.,

        Defendants.

Case No. 3:18-cv-01891-HZ

ORDER

HERNÀNDEZ, Chief Judge.

Plaintiff brought this civil rights action pursuant to 42 U.S.C. § 1983 *pro se*. The Court previously issued an Opinion and Order granting Defendants' Motion to Dismiss and a Judgment dismissing the case. Currently before the Court is Defendants' Motion for Attorney Fees (ECF No. 60). For the reasons that follow, the Court DENIES Defendants' Motion.

**BACKGROUND**

Plaintiff filed this action alleging violation of his rights under the First, Fifth, Ninth, and Fourteenth Amendments in connection with administration of conditions of his post-prison

1 - ORDER

supervision. Plaintiff challenged restrictions on familial associations and church attendance, as well as the requirements that he submit to polygraph examinations and attend sex offender treatment. Defendants moved to dismiss Plaintiff's claims, arguing that Plaintiff failed to state a claim upon which relief may be granted under § 1983. As noted, the Court granted Defendants' motion and dismissed the case. Defendants now move for an award of attorney fees under 42 U.S.C. § 1988.

## DISCUSSION

The United States is not a loser-pays jurisdiction; hence, "in the absence of legislation providing otherwise, litigants must pay their own attorney's fees." *Christiansburg Garment Co. v. Equal Emp't Opportunity Comm'n*, 434 U.S. 412, 415 (1978) (citing *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975)). Section 1988(b) is legislation providing otherwise; it allows the prevailing party in certain civil rights cases, including those brought pursuant to 42 U.S.C. § 1983, to collect his or her attorney's fees from the losing party. *Fox v. Vice*, 563 U.S. 826, 832-33 (2011); *Sole v. Wyner*, 551 U.S. 74, 77 (2007).

The fee-shifting provision of § 1988 is not, however, evenhanded. "Attorney's fees in civil rights cases should only be awarded to a defendant in exceptional circumstances." *Barry v. Fowler*, 902 F.2d 770, 773 (9th Cir. 1990). A district court may only award attorney's fees pursuant to § 1988 to a prevailing civil rights defendant if the plaintiff's action was "unreasonable, frivolous, meritless, or vexatious." *Galen v. Cnty. of L.A.*, 477 F.3d 652, 666 (9th Cir. 2007). An action is considered "frivolous" when the result is obvious or the plaintiff's arguments are wholly without merit. *Vernon v. City of L.A.*, 27 F.3d 1385, 1402 (9th Cir. 1994). The standard is stringent, and the mere fact that a defendant prevails does not support an

attorney's fees award. *Hughes v. Rowe*, 449 U.S. 5, 14 (1980); *Patton v. Cnty. of Kings*, 857 F.2d 1379, 1381 (9th Cir. 1988).

The requirement that exceptional circumstances be established is intended to avoid undercutting the legislative policy of promoting prosecution of civil rights violations under § 1983. *Miller v. Los Angeles County Bd. of Educ.*, 827 F.2d 617, 619 (9th Cir. 1987). As the Supreme Court explained:

> [I]t is important that a district court resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation. This kind of hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success. . . . Even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit.

*Christiansburg*, 434 U.S. at 421-22.

The rule against awarding attorney's fees to defendants in civil rights cases applies with special force where the plaintiff is a *pro se* litigant. *Hughes*, 449 U.S. at 15; *Miller,* 827 F.2d at 620. Furthermore, in awarding attorney fees to a prevailing defendant, the court "should consider the financial resources of the plaintiff" and "should not subject the plaintiff to financial ruin." *Patton*, 857 F.2d at 1382 (quotations and citations omitted).

Here, the Court cannot conclude that Plaintiff's claims were so frivolous as to make this the exceptional case in which Defendants are entitled to collect attorney's fees. Although the Court dismissed Plaintiff's Complaint for failure to state a claim upon which relief may be granted, the Court does not find that Plaintiff brought this action in bad faith or that Plaintiff's claims were frivolous. There is no evidence that Plaintiff proceeded on an improper purpose. Nor were Plaintiff's claims so entirely lacking in legal merit that a *pro se* litigant would

3  - ORDER

understand them to be frivolous. It was not unreasonable for Plaintiff, who represented himself and who appears to have no legal training, to believe at the outset of this action that his claims were legitimate. Plaintiff's claims were ultimately unsuccessful, but the Court declines to characterize them as unreasonable, frivolous, or vexatious. As such, an award of attorney's fees would be inappropriate.

## CONCLUSION

For these reasons, the Court DENIES Defendants' Motion for Attorney Fees (ECF No. 60).

IT IS SO ORDERED.

DATED this __29__ day of March, 2021.

Marco A. Hernàndez<br>
Chief United States District Judge

4 - ORDER